### J. M. TRICE v. ALFRED LAGRONE.

1. OBSTRUCTION TO WATERCOURSE. *Remedy. When applicable.*
   The thirty-fourth chapter of the Code of 1871 refers to obstructions to watercourses, erected by persons who have mills, gins and other machinery; and the summary remedy authorized by § 1935 is not applicable to levees and ditches on farms and residences.

2. SAME. *Embankment not for machinery. Judgment of removal. Injunction.*
   A person injured by a levee and ditch of the latter description must seek redress in the ordinary courts; and, if he obtains the judgment of the special tribunal organized under Code 1871, § 1935, to remove the obstruction, a court of chancery will enjoin its execution.

APPEAL from the Chancery Court of Monroe County.

Hon. L. HAUGHTON, Chancellor.

The respondent appealed from a decree overruling his motion to dissolve an injunction upon bill, answer and evidence.

*Murphy, Sykes & Bristow*, for the appellant.

The result of the former controversy between these parties is an adjudication of the matter here involved; but if it was *res integra*, Trice's right is clear under Code 1871, § 1935. The title of the statute, which may be resorted to in construing it, shows that other obstructions are as much within its scope as "mills and dams." Sedgw. on Stat. and Const. Law, 40; *United States* v. *Fisher*, 2 Cranch, 358; *Burgett* v. *Burgett*, 1 Ham. 469. If by § 1935 it was meant only to provide a summary remedy for the mischief occasioned by the obstructions mentioned in the eight preceding sections, the same language would be used. But it is much broader and materially different. Potter's Dwarris, 198. The legislature never meant to interfere so summarily with a dam erected to run a mill or cotton-gin, and to provide no special remedy for the wanton obstruction of a stream by a fish trap, to the ruin of another's lands. By reference to § 1938, it will be seen that the proceeding under § 1935 does not bar any private action or public prosecution, and that the action for damages, and the special proceeding under § 1935, are concurrent. Hence it is plain that, wherever a private action can be maintained for obstructing a watercourse so as to overflow and damage another's lands, this special remedy may be also had. The authorities cited by counsel — *Thompson* v. *Moore*, 2 Allen, 350, and Washburn on Easements, 404 — are directly in our favor.

*Houston & Reynolds*, for the appellee.

If the levee and ditch are not "in or over any watercourse" but are constructed for the purpose of drainage, and thereby the appellant's land is overflowed, they cannot be abated in the summary manner provided in Code 1871, § 1935. The scope of the chapter was to encourage the erection of machinery useful to the public, and to provide a remedy for lands injured by overflow from dams built for this purpose. The section was not intended to give a remedy for every obstruction of a

watercourse. Its language is, "any person, not being author-ized, as hereinbefore provided." That is, if any person shall erect any dam which is legalized in the preceding sections, without the authority therein provided, he may be proceeded against under § 1935. The appellee, under the chapter, could not obtain authority to erect the levee, of which the appellant complains, and is therefore not amenable to the provisions of the section. This construction is supported by the following authorities: *Thompson* v. *Moore*, 2 Allen, 350; Washburn on Easements, 404.

CHALMERS, J., delivered the opinion of the court.

Alfred Lagrone and another dug a ditch and erected an embankment on their own land, the effect of which was to so dam up the water of a small stream which flowed through their estate and that of their neighbor, J. M. Trice, as to sub-merge the lands of the latter. Trice therefore instituted pro-ceedings under Code 1871, § 1935 to have the embankment cut; and the three householders who, under the provisions of the section cited, were summoned for the purpose, adjudged that it should be cut. From this adjudication Lagrone and the other appealed, — first to the Circuit Court and then to this court; but the appeal was dismissed by both courts, upon the ground that the statute contemplated no appeal but made the judgment of the householders final: *Lagrone* v. *Trice*, *ante*, 227. Lagrone now files this bill to enjoin the enforce-ment of that judgment on the ground that the whole proceed-ing was a nullity, because such obstructions to watercourses as are here complained of are not within the purview of § 1935. His position is that the statute has reference to obstructions to watercourses created by persons who are erect-ing mills, gins or other machinery, and who in so doing fail to comply with the requirements of chapter 34 of the Code, of which § 1935 is a part; and that, inasmuch as it is to such obstructions only that the summary provisions of these sections apply, those who are aggrieved by any other obstruc-tions are left to their common-law and equity remedies. We think that this is the true construction of the statute. All the preceding sections of the statute look to the establishment

on watercourses of mills and other machinery, and regulate the manner in which the persons erecting them shall obtain authority to obstruct the flow of water. Sect. 1935 then declares that " if any person, not being authorized, as hereinbefore provided [that is, in the manner pointed out by the preceding sections], shall make or erect any embankment, levee, dam, or other obstruction, in or over any watercourse," parties aggrieved thereby may have the summary remedy given for the removal of such obstructions. It seems difficult to escape the conclusion that the language applies only to those who, intending to erect the obstructions contemplated in the previous sections, have, by reason of omission to observe their requirements, failed to obtain the authority which those sections confer. It is true that in all the other sections no other obstructions than dams or mill-dams are referred to, and that in this section embankments, levees, dams, or other obstructions are embraced ; but, while the class of obstructions is broadened, the class of persons erecting them remains the same. The declaration is, that if those erecting the mills, " not being authorized, as hereinbefore provided, shall make or erect any embankment, levee, dam, or other obstruction," persons injured shall have the remedy provided by the section. While no other obstructions than dams are spoken of in the sections which treat of obtaining authority to erect them, the prohibition in this section applies to all obstructions, but has reference, nevertheless, to such as are created by the unauthorized erection of mills. While the language used is broad enough to embrace any and all obstructions, without regard to the person by whom or the purposes for which they are created, we do not think that it is intended to apply to levees and ditches on farms or residences. The proceeding authorized by the statute is harsh and summary. From it there is no appeal. By it there is intrusted to three private persons a most unbounded and dangerous power. We are not disposed to extend it to doubtful cases. The remedy of the appellant, if he has been injured by the obstruction complained of, must be sought in the courts of law or equity, and not before the special tribunal created by § 1935.

*Decree affirmed.*